### First National Bank of Marysville v. Rohrer.

*Promissory notes—Payment—Affidavit of defence—Sufficiency of.*

1. Where, in an action on a promissory note, the statement avers that the note was made and delivered by the defendant to the payee, by whom it was endorsed over to the plaintiff in due course, and that the defendant had failed to pay the note when due, an affidavit of defence is insufficient which admits these allegations in the statement, but avers that defendant is informed, believes and expects to be able to prove that the amount of the note was paid "after maturity" to the plaintiff by the payee.

2. Such affidavit is uncertain, insufficient and evasive.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Jan. T., 1924, No. 15.

*George Ross Eshleman,* for rule; *John M. Groff,* contra.

LANDIS, P. J., Jan. 17, 1925.—The plaintiff bank brought suit against the defendant to recover the amount of two promissory notes, made by the defendant to the order of Fink & Paine, Incorporated, for $75 each, and payable respectively seven and eight months after date, at the Farmers Trust Company of Lancaster, Pa. It was asserted in the plaintiff's statement that when the notes became due, they were protested for non-payment, and that the plaintiff in due course became the owner of said notes.

The defendant has filed an affidavit of defence, in which he states that "I am informed and believe, and feel confident that I will be able to prove on the trial of the case, . . . that since the said note became due at the First National Bank of Marysville, it has been paid by the original payee, viz., Fink & Paine, Inc., or their representatives or successors, and that the amount of money claimed in this statement is not now due the said First National Bank of Marysville."

Has the defendant presented a legal defence to this action? He admits that he made the notes and delivered them to Fink & Paine, Incorporated. He also admits that, subsequent to their delivery and before maturity, Fink & Paine, Incorporated, endorsed them, and they became in due course the property of the plaintiff as holder thereof. In addition, he admits that he has never paid the notes. The assertion that, after maturity, Fink & Paine, Incorporated, paid to the plaintiff the amount of the notes is no defence as to him, and it is inconsistent with his prior admissions.

In my judgment, the affidavit of defence is uncertain, insufficient and evasive, and, because of this, the rule is made absolute and judgment is entered in favor of the plaintiff for the sum of $75, with interest from Oct. 23, 1923, and $75, with interest from Nov. 23, 1923, making in all $160.12.

Rule for judgment made absolute.